UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANCIS BROZZO,

                     Plaintiff,

   -against-                                      7:14-CV-1584 (LEK/TWD)

UNITED STATES DEPARTMENT OF
EDUCATION,

                     Defendant.

## MEMORANDUM-DECISION AND ORDER

**1. INTRODUCTION**

Pro se Plaintiff Francis Brozzo commenced the present action against the United States Department of Education pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Dkt. No. 1 ("Complaint"). Presently before the Court is Defendant's Motion for Summary Judgment. Dkt. Nos. 28-1 ("Motion"), 28-2 ("Memorandum"), 28-3 ("Exhibits"), 28-4 ("Defendant's Statement of Material Facts"). Plaintiff opposes the Motion. Dkt. Nos. 46 ("Response"), 46-1 ("SMF Response"), 46-2 ("Plaintiff's Statement of Material Facts"). For the following reasons, the Motion is denied.

**II. BACKGROUND**

    **A. Plaintiff's FOIA Request**

By a letter dated July 29, 2014, Plaintiff requested documents pertaining to his student loans from Defendant. Def.'s SMF ¶ 2. Plaintiff requested (1) a copy of any/all claims for reimbursement of defaulted loans made by Key Bank, the lender, to the New York State Higher Education Services Corporation ("NYSHESC"), the guarantor; (2) a copy of all documents

showing NYSHESC's payment of reimbursement claims from Plaintiff's student loan debts made to Key Bank; (3) a copy of all documents showing NYSHESC's reinsurance claim concerning Plaintiff's defaulted student loans that were submitted to Defendant; (4) a copy of all documents showing Defendant's approval of NYSHESC's reinsurance claims; and (5) a copy of documents showing NYSHESC's assignment and transfer of title of Plaintiff's loans to Defendant, including any documents showing any reimbursement of any costs related to the assignment and transfer of title paid by Defendant to NYSHESC or paid by NYSHESC to Defendant. Id.

Plaintiff's request was received in Defendant's FOIA Service Center on August 8, 2014, and was forwarded to Ann Marie Pedersen, Director of the Correspondence Unit within the Communications Office of Defendant's Office of Federal Student Aid ("FSA"). Id. ¶¶ 2–9. Defendant recognized Plaintiff's request to be a Privacy Act request pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, and thus logged Plaintiff's request as FOIA Request No. 14-00112-PA. Id. ¶ 3. FSA's Business Operations Group compiled documents related to Plaintiff's request and sent them to Plaintiff with a letter dated September 9, 2014, which Plaintiff received on September 13, 2014. Id. ¶¶ 4, 6. The documents included: (1) a copy of Plaintiff's National Student Loan System ("NSLDS") aggregate loan history; (2) a copy of Transitional Guaranty Agency's organizational contact list; (3) a copy of the contact information for Key Bank; and (4) contact information for Borrower Services, Customer Care Group, Key Bank of New York, and Transitional Guaranty Agency. Id. ¶ 5.

On September 13, 2014, Plaintiff appealed Defendant's action, alleging that Defendant failed to provide him with the documents he requested and the legal basis for the denial of his

request. Id. ¶ 7. Defendant responded to Plaintiff's appeal via a letter dated September 29, 2014, informing Plaintiff that an administrative review of his request was underway. Id. ¶ 8. Defendant alleges that the FOIA Service Center sent this letter. Id.[1]

**B.     Procedural History**

Plaintiff filed the instant action on December 29, 2014, as roughly three months had passed since he received the correspondence acknowledging his appeal from Defendant's Office of Management. Compl. at 1; Exs. at 28. United States Magistrate Judge Thérèse Wiley Dancks granted Plaintiff leave to proceed in forma pauperis on March 3, 2015. Dkt. No. 7. Judge Dancks issued an order on July 31, 2015, referring the case to assisted mediation. Dkt. No. 24. The mediation session was held on October 21, 2015, and concluded without settlement. Dkt. No. 27.

Defendant submitted the instant Motion on November 17, 2015. Mot. With its Motion, Defendant submitted a declaration from Pedersen outlining Defendant's actions in response to Plaintiff's request and stating that Defendant did not possess records requested by Plaintiff. Exs. at 2–4 ("First Pedersen Declaration"). Defendant argues that (1) summary judgment is appropriate because no information was improperly withheld from Plaintiff; (2) Defendant's search for Plaintiff's records was adequate, as it was reasonably calculated to discover the requested documents and was thereby in compliance with FOIA; and (3) the First Pedersen Declaration sufficiently demonstrates that summary judgment is appropriate in this case. Def.'s

---

[1] The Court notes Defendant's Exhibit F is a copy of the letter, which appears to have been sent by the DOE's Office of Management and is signed by Angela Arrington, the Deputy Director for Privacy, Information and Records Management Services. Def.'s SMF ¶ 8; SMF Resp. ¶ 8; Exs. at 23. When referring to Exhibits, the Court uses the pagination assigned by the Court's Electronic Court Filing ("ECF") system. There are seven exhibits in Dkt. No. 28-3; this citation refers to Exhibit F, which is on page twenty-three.

Mem. at 4–8.

In his Response to Defendant's Motion for Summary Judgment, Plaintiff contends that summary judgment is inappropriate because (1) the Defendant has failed to demonstrate the adequacy of its search; (2) the First Pedersen Declaration was submitted in bad faith; (3) Defendant's Exhibit G—a letter from Defendant's FOIA and Privacy Act Fulfillment Team to its FOIA Document Manager directing the Document Manager to close Plaintiff's request and detailing the search methodology and results responsive to Plaintiff's FOIA request—is inadmissible evidence; and (4) Defendant neglected its duty to process the first three parts of Plaintiff's request. Resp. at 4–14. Defendant filed a Reply on February 18, 2016. Dkt. No. 49 ("Reply"). Attached to Defendant's Reply was a second declaration by Ann Marie Pedersen. Dkt. No. 49-1 at 1–4 ("Second Pedersen Declaration"). Defendant argues in its Reply that (1) the Second Pedersen Declaration is sufficient to demonstrate that Defendant performed an adequate search of requested documents; (2) documents responsive to the first three parts of Plaintiff's request were never in possession of Defendant, and are not agency records; and (3) the First Pedersen Declaration was submitted in good faith. Reply at 1–6. The Court issued a Text Order on July 26, 2016, giving Plaintiff the option to file a sur-reply, as Defendant's Reply contained evidence and arguments raised for the first time. Dkt. No. 50. Plaintiff filed a Sur-Reply on August 11, 2016. Dkt. No. 52 ("Sur-Reply").[2] Plaintiff contends, in his Sur-Reply, that (1)

---

[2] As per the Text Order, Plaintiff had until August 9, 2016 to file his Sur-Reply. Plaintiff, on the same day that he filed his Sur-Reply, also filed a Letter Request asking for an extension of time to file his Sur-Reply due to the time lost to mailing. While the Court received Plaintiff's Sur-Reply and Letter Request on August 11, 2016, both documents are dated August 9, 2016. In the interests of justice, Plaintiff's Letter Request is granted, and Plaintiff's Sur-Reply will be considered.

records responsive to Plaintiff's FOIA request are agency records as defined by the United States Supreme Court in United States Department of Justice v. Tax Analysts, 492 U.S. 136 (1989), (2) Defendant neglected its duty to process Plaintiff's request, and (3) the Second Pedersen Declaration was submitted in bad faith. Sur-Reply.

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support a factual position by citing to particular parts of materials in the record, including affidavits or declarations when the affidavit or declaration is made on personal knowledge and sets out facts that would be admissible as evidence. Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). Conversely, "summary judgment will not lie if the dispute about a material fact is 'genuine', that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248; see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party moving for summary judgment has the initial burden of informing the district court of the basis of its motion, and identifying parts of the records that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may also satisfy its initial burden by demonstrating that the record lacks evidence necessary to support an essential part of the nonmoving party's claim, thus entitling the moving

5

party to judgment as a matter of law. Id. If the party moving for summary judgment carries its initial burden, the burden of proof shifts to the nonmoving party to show that summary judgment should not be granted because a genuine dispute of a material fact exists. Id.

When the burden of proof is shifted to the nonmoving party, it must "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Still, the court must make inferences from the facts in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). The role of the district court in summary judgment is not that of fact finder; rather, its inquiry should determine "whether there is a need for a trial" based on the presence or absence of a material factual dispute. Anderson, 477 U.S. at 250.

## IV. DISCUSSION

FOIA "requires federal agencies to release certain documents in response to requests from the public." Labella v. FBI, No. 11-CV-23, 2012 WL 948567, at *6 (E.D.N.Y. Mar. 19, 2012) (quoting Sample v. Bureau of Prisons, 466 F.3d 1086, 1087 (D.C. Cir. 2006)). The purpose of FOIA is to "promote honest and open government and ensure the existence of an informed citizenry 'to hold the governors accountable to the governed.'" Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999). FOIA provides that, following a request for records, an agency "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

Following a FOIA request, an agency has a duty to conduct an adequate search for responsive records. Grand Cent. P'ship, 166 F.3d at 489. A search is adequate if it is "reasonably calculated to discover the requested documents." Labella, 2012 WL 948567, at *7 (quoting

6

Grand Cent. P'ship, 166 F.3d at 489). An inquiry into whether a search was adequate should not focus on the results of the search, but instead on "whether the search method used was reasonable in discovering information pertaining to the FOIA request." Bretti v. U.S. Dep't of Justice, 639 F. Supp. 2d 257, 262 (N.D.N.Y. 2009) (citing Grand Cent. P'ship, 166 F.3d at 489). Under FOIA, an agency is required to search records that it maintains and those that are "readily reproducible." 5 U.S.C. § 552(a)(3)(B).

A district court may grant summary judgment in FOIA disputes to an agency when the agency demonstrates that its search was adequate. Grand Cent. P'ship, 166 F.3d at 478. To demonstrate this, the agency is entitled to rely solely on affidavits and declarations, provided that the affidavits or declarations are reasonably detailed, nonconclusory, made in good faith, and are not contradicted by other evidence in the record. Id.; see also Wilner v. Nat'l Sec. Agency, 592 F.3d 60, 69 (2d Cir. 2009); Wood v. FBI, 432 F.3d 78, 85 (2d Cir. 2005). "[T]he affidavits should 'identify the searched files and describe at least generally the structure of the agency's file system' which renders any further search unlikely to disclose additional relevant information." Katzman v. CIA, 903 F. Supp. 434, 438 (E.D.N.Y. 1995) (quoting Church of Scientology v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986)). The Second Circuit has held that these affidavits should come "from [the] agency employee responsible for supervising [the] FOIA search," and that affidavits and declarations made by agency officials are accorded a presumption of good faith. Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812, 814 (2d Cir. 1994).

Defendant asserts, in its Motion, that it conducted a more than adequate search in response to Plaintiff's FOIA request and provided Plaintiff with reasons why it could not produce the documents requested. Mot. at 2. In support of this, Pedersen stated that, as part of her position

7

as the Director of the Correspondence Services Unit at the Department of Education ("DOE"), she supervises the employees responsible for processing FOIA requests, identifying and reviewing records responsive to FOIA requests, and determining responses to FOIA requests. First Pedersen Decl. ¶ 2. She further stated that Defendant's office of Federal Student Aid conducted a search for records responsive to Plaintiff's request, and that there are no other locations within the DOE where responsive records are likely to located. Id. ¶ 3. Lastly, Pedersen's declaration indicated that the Defendant identified documents that Plaintiff requested. Id. ¶ 4. Since Defendant was not in possession of those documents, it provided Plaintiff with contact information for agencies that potentially possessed the documents. Id.

In Plaintiff's Response, he argues that the First Pedersen Declaration was insufficient to support Defendant's Motion for Summary Judgment because it was short, conclusory, did not describe in sufficient detail the search methods used by Defendant, and was submitted in bad faith. Resp. at 4–10; see also Grand Cent. P'ship, 166 F.3d at 478; Katzman, 903 F. Supp. at 438.

Pedersen then submitted a second declaration, attached as Exhibit M to Defendant's Reply. Second Pedersen Decl. ¶¶ 2–5. Although arguments supported by the Second Pedersen Declaration were not made in Defendant's Motion, the Court has broad discretion to consider arguments made for the first time in reply papers as well as evidence submitted with reply papers. Ruggiero v. Warner-Lambert Co., 424 F.3d 249, 252 (2d Cir. 2005); see also Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela, 341 F. App'x 722, 724–25 (2d Cir. 2009) (summary order); Mateo v. Gundrum, No. 10-CV-1103, 2011 WL 5325790, at *12 (N.D.N.Y. Aug. 30, 2011). A court does not abuse its discretion in considering arguments and evidence in reply papers when the adverse party is not surprised or prejudiced by the

consideration, or when the Court allows the adverse party to submit a sur-reply. Ruggiero, 424 F.3d at 252.

The Second Pedersen Declaration, although functionally the same as the first, more specifically identifies the search methods used by Defendant in response to Plaintiff's request and reasons why Defendant was not able to provide documents responsive to Plaintiff's request. Second Pedersen Decl. ¶¶ 2–10. The declaration identifies the chain of events (including a default judgment for NYSHESC against Plaintiff in state court) that outline the transfer of Plaintiff's debt from Key Bank to NYSHESC and then to Education Credit Management Corporation ("ECMC"). Id. ¶¶ 2–7. The declaration also indicates that both NYSHESC and ECMC referred Plaintiff to the Treasury offset program, an entity entirely separate from the Defendant. Id. ¶ 7.

Pursuant to Plaintiff's request, an employee of Defendant's FSA office assigned the request to the appropriate units within FSA. Id. ¶ 8. A second employee, from Defendant's Business Operations Unit, conducted a search under Plaintiff's name and social security number within its system of records to identify Plaintiff's account history. Id. The only relevant documentation uncovered through this search was a six-page summary of Plaintiff's aggregate loan history from the National Student Loan Data System ("NSLDS"), as the loans were not held by Defendant. Id. ¶ 9. As suggested in the First Pedersen Declaration, the Second Pedersen Declaration notes that documents responsive to Plaintiff's request are not located in Defendant's system of records, and that documents related to Plaintiff's request, if any, would be available from Key Bank, NYSHESC, or ECMC. First Pedersen Decl. ¶¶ 3–5; Second Pedersen Decl. ¶¶ 2–4, 6–10. Defendant also contacted ECMC during the course of this lawsuit and verified that

ECMC did in fact possess documents responsive to Plaintiff's request. Second Pedersen Decl. ¶ 5. In her second declaration, Pedersen also addressed the fact that Plaintiff had "raised issue with [her] knowledge and supervision of the staff who searched for any responsive records." Id. ¶ 12. She addressed this issue by explaining that, because it was determined that Defendant did not possess any records responsive to Plaintiff's request, the adequacy of the search for records was not addressed in her first declaration. Id.

The Second Pedersen Declaration describes in detail the search methods that the DOE performed, and sufficiently describes why the DOE does not have the records requested. Id. ¶¶ 2–9. The Court therefore finds that the Second Pedersen Declaration is not conclusory.

Plaintiff argues in his Response and his Sur-Reply that Pedersen's declarations were made in bad faith. Resp. at 6–10; Sur-Reply at 6–9. In FOIA disputes, declarations like the ones provided by Pedersen in this case are given a presumption of good faith, which may be rebutted if they are controverted by other evidence in the record. Carney, 19 F.3d at 812. While the majority of Plaintiff's arguments are predicated on the lack of specificity or the lack of supporting evidence for Pedersen's claims, Plaintiff does point to an inconsistency: a statement in the Second Pedersen Declaration stating that she reached out to staff in another office after receiving Plaintiff's appeal in April 2015, resulting in further records being furnished in October 2015. Sur-Reply at 8. Plaintiff notes that the Defendant's Answer, dated May 15, 2015, states that it had not acted upon Plaintiff's appeal. Id. at 8–9. While these two statements may be interpreted as inconsistent, the Court reads the statement in the Answer to mean that no final decision had been made on the appeal at that time, which is not inconsistent with the statement in the Second Pedersen Declaration. Because neither of the Pedersen declarations are controverted

by other evidence in the record, the Court also finds no reason to set aside the declarations' presumption of good faith.

Given that the second Pedersen declaration (1) provides sufficient detail regarding Defendant's search for records responsive to Plaintiff's request; (2) is nonconclusory, as it describes why documents responsive to Plaintiff's request are not in its possession; and (3) has met the standard for a presumption of good faith, Defendant is entitled to rely solely on the declaration to demonstrate that it performed an adequate search and that no documents were improperly withheld from Plaintiff. Grand Cent. P'ship, 166 F.3d at 478; Wilner, 592 F.3d at 69.

However, for the following reasons, the Court finds that Defendant is not entitled to summary judgment. Under FOIA, agencies are required "to review, manually or by automated means, *agency records* for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D) (emphasis added). Documents are considered "agency records" within the meaning of FOIA when two criteria are met: (1) the agency must either have created or obtained the records, and (2) the agency must be in control of the records at the time of the FOIA request. Tax Analysts, 492 U.S. at 144–45. Records need not be generated by an agency, located on an agency's property, nor necessarily in an agency's possession to be considered "owned or obtained" by the agency within the meaning of the Tax Analysts test. Burka v. U.S. Dep't of Health & Human Servs., 87 F.3d 508, 515 (D.C. Cir. 1996). Whether an agency has control over a record within the meaning of the Tax Analysts test is determined by analyzing the following factors: (1) the intent of the document's creator to retain or relinquish control over the record, (2) the ability of the agency to use and dispose of the record as it sees fit, (3) the extent to which agency personnel have read or relied upon the document, and (4) the degree to which the

document was integrated into the agency's record systems or files. Id.

Agencies bear the burden of demonstrating that records sought in a FOIA request are not agency records. Tax Analysts, 492 U.S. at 142 n.3. An agency cannot satisfy this burden merely by alleging that requested records are not agency records because another entity possesses the records; the records may indeed be agency records when the agency exercises "supervision and control" over such a separate entity. Burka, 87 F.3d at 515.

Plaintiff does not suggest that Defendant created the relevant records. Instead, he claims that the records are within the meaning of agency records. Sur-Reply at 2. He asserts that the Court need not analyze the factors for determining whether an agency has control over records because Defendant has agreements with NYSHESC which establish Defendant's intent to retain control over records possessed by NYSHESC and use them as they see fit. In Burka, records not generated by the Department of Health and Human Services and not located within the agency were still held to be agency records because the entity that generated the records did so on behalf of the agency and under its supervision and control. 87 F.3d at 515. Indeed, when agencies have access to records for auditing and supervision purposes, those records are still considered agency records even when they are created and maintained elsewhere. In Def. of Animals v. NIH, 543 F. Supp. 2d 83, 100–01 (D.D.C. 2014); see also Los Alamos Study Grp. v. Dep't of Energy, No. 97-CV-1412, 1998 WL 35487818, at *2–3 (D.N.M. July 22, 1998) (holding that contractor-created records are agency records because the contract provides that all records are "property of the government" and because a DOE regulation states records produced under such contracts should be made available to the public). Plaintiff argues that Defendant's agreements with NYSHESC demonstrate that Defendant exercises similar control over the requested records, and that all four

12

of the factors from Tax Analysts favor construing NYSHESC records as agency records.

Defendant, through the two Pedersen declarations, merely states that the records sought are "under the sole possession of NYSCHESC, ECMC and/or the Department of Treasury." Second Pedersen Decl. ¶ 7. The Second Pedersen Declaration does not directly address the argument that records held by NYSHESC might be under the control of Defendant, but it does discuss how the requested documents might be generated and who generates those documents. Id. ¶¶ 4, 6. Plaintiff, in response, cites 34 C.F.R. § 682.414, which states that guaranty agencies and lenders must retain various loan documentation, 34 C.F.R. § 682.414(a)(1)–(5), and lenders must allow "the Secretary or the Secretary's designee . . . access to the lender's records for inspection and copying in order to verify the accuracy of the information provided by the lender," id. § 682.414(c)(2). Given that this regulation appears to signal a degree of control over lender records as was the case in In Defense of Animals, 543 F. Supp. 2d at 100–01, and given that Defendant's generation or possession of those documents does not alone determine whether the records are agency records, id., Defendant has not met its burden of showing that the requested records are not agency records. As a result, the Court cannot grant summary judgment to Defendant.[3]

However, the Court finds that, as all other material facts are established and not in

---

[3] Plaintiff also argues in his Sur-Reply that Defendant violated a confidentiality agreement from the parties' earlier mediation by disclosing confidential information in the Second Pedersen Declaration. Sur-Reply at 9–11. To the extent that Plaintiff is asking the Court to deny summary judgment on these grounds, this request is moot due to Defendant's failure to demonstrate that the records are not agency records. To the extent that Plaintiff is asking for other relief, this relief is not properly before the Court on a sur-reply to a motion for summary judgment. The Court therefore declines to address this argument, and if Plaintiff seeks other sanctions, he should file a separate motion requesting such relief.

dispute, the Court will allow Defendant an additional opportunity to move for summary judgment **within ninety (90) days**. See Katzman v. CIA, 903 F. Supp. 434, 439 (E.D.N.Y. 1995) (denying summary judgment to a defendant agency but allowing the agency, in the interest of judicial economy, an additional opportunity to move for summary judgment). Defendant is advised that relevant agreements and regulations should be provided to allow the Court to make a fully informed determination regarding the status of the requested records. Plaintiff is advised that he is permitted to cross-move for summary judgment along with his response in opposition to Defendant's motion for summary judgment; alternatively, if Defendant does not move for summary judgment, Plaintiff will be permitted to move for summary judgment **within thirty (30) days** of the expiration of the ninety-day period; that is, 120 days from the date of this Memorandum-Decision and Order.

V.     **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Letter Request (Dkt. No. 51) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Summary Judgment (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED**, that Defendant is permitted to move for summary judgment **within ninety (90) days** of the date of this Memorandum-Decision and Order. In the event that Defendant moves for summary judgment, Plaintiff is permitted to cross-move for summary judgment along with his response; in the event that Defendant does not move for summary judgment, Plaintiff will have **thirty (30) days** after the expiration of the ninety-day period to move for summary judgment; and it is further

14

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 09, 2016
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge